UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LISA ANDRACKI,<br>            Plaintiff,<br><br>-v-<br><br>ALANA LIVINGSTON and<br>LIBERTY MUTUAL GROUP, INC.,<br>            Defendants. | No. 1:21-cv-709<br><br>Honorable Paul L. Maloney |

## ORDER OF REMAND

Following the removal of this lawsuit, the Court ordered Defendant Livingston to establish the amount in controversy for the purpose of diversity jurisdiction. (ECF No. 4.) Defendant filed her response to the Order. (ECF No. 5.) Having reviewed the response, the Court concludes that Defendant has not established that the amount in controversy exceeds $75,000 and will remand the lawsuit to the Eaton County Circuit Court.

This lawsuit arises from an automobile accident. Plaintiff sued the driver of the other vehicle and the insurance company with whom Plaintiff had a policy. In the complaint, Plaintiff alleged she had "extensive injuries." Defendant Livingston removed the lawsuit, asserting diversity jurisdiction and that the amount in controversy exceeded $75,000.

The Court raised concerns about subject matter jurisdiction sua sponte. Because Defendant Livingston removed the lawsuit to federal court, she bears the burden of establishing jurisdiction, including the amount in controversy. She has not done so.

First, Defendant points to the police report from the accident and the list of injuries identified in the complaint. Neither document provides any new information about

Plaintiff's injuries or the amount in controversy. "A 'fair reading' of the complaint does not support a finding that it is more likely than not that plaintiff's damages exceed the jurisdictional amount. The complaint allegations speak of plaintiff's injuries . . . in only the most general of terms, leaving the Court to speculate as to their nature and extent." *Crimaldi v. Pitt Ohio Express, LLC*, 185 F. Supp. 3d 1004, 1009 (N.D. Ohio 2016). The Court notes that the police report indicates that Plaintiff "stated complaint of pain, appeared to be minor injury at the time." (ECF No. 5-4 PageID.35.)

Next, Defendant points to two emails. Neither are settlement offers. In the first email, Defendant's counsel states that he would be willing to accept service "in exchange for a cap at the policy." (ECF No. 5-5 PageID.37.). It appears Plaintiff declined because "I believe we have obtained service, at least pursuant to the Order for Alternate Service if not through personal service." (ECF No. 5-5 PageID.38.) Plaintiff's response does not establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 or even that Plaintiff believes the amount exceeds $75,000.

The second email and response were sent after the Court issued the Order to Show Cause. Defense counsel asks if Plaintiff would be willing to stipulate to a $75,000 damage cap. (ECF No. 5-6 PageID.41.) Plaintiff's counsel declines and suggests a floor of $75,000.01 and a ceiling of $250,000. (*Id.*) A court determines subject matter jurisdiction, including the amount in controversy, at the time of removal, not post-removal offers and counter-offers concerning stipulations as to the amount in controversy. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871-72 (6th Cir. 2000); *see also Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469-71 (6th Cir. 2019) (explaining that a where a complaint's

prayer for relief is ambiguous, a plaintiff's *first* specification of damages following removal may be considered but the statement must be both unequivocal and a stipulation).

Defendant has not submitted sufficient evidence to establishes by a preponderance of the evidence that the amount of controversy, at the time of removal, exceeded $75,000. Accordingly, the Court **REMANDS** this lawsuit to the Eaton County Circuit Court. **IT IS SO ORDERED.**

Date: October 26, 2021 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge